UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

SYLVIA IMBORNONE ET AL.                         CIVIL ACTION

VERSUS                                          NO. 04-2150

TREASURE CHEST CASINO ET AL.                    SECTION F

ORDER AND REASONS

Before the Court is the defendants' Motion for Summary Judgment. For the reasons that follow, the defendants' motion is GRANTED.

Background

Plaintiff, Sylvia Imbornone, sued her former employer, Treasure Chest Casino ("TCC"), and its parent, Boyd Gaming Company ("Boyd"), for sexual harassment, wrongful termination, and retaliatory discharge in violation of both federal law and Louisiana law.[1] Specifically, Ms. Imbornone charges that her co-employees sexually harassed her and that TCC fired her because she complained.

Throughout her seven-year employment with TCC, Ms. Imbornone worked as a surveillance agent. Ms. Imbornone asserts that she was subjected to harassment by her co-employees during most of her employment.

---

[1] Plaintiff fails to allege violations of any particular statute under either state or federal law.

1

She first complained of harassment in June 2002; she submitted two written complaints to TCC's Human Resources Department, concerning the inappropriate behavior of one of her co-employees, Jean Brumfield. After investigating Ms. Imbornone's complaints, TCC terminated Ms. Brumfield.[2] Furthermore, in response to Ms. Imbornone's complaints, as well as allegations of harassment by other surveillance agents, TCC held a meeting with the surveillance department on March 26, 2003. Ms. Imbornone attended the meeting and all there were advised of the company's harassment policy, which included termination for violations of the policy.

On July 11, 2003, Steve Piglia, a surveillance agent, complained to the HR Department that Ms. Imbornone sexually harassed him. Specifically, Mr. Piglia charged:

> I have serious concerns with the way Sylvia Imbornone talks about parts of my anatomy. I am constantly looked up and down and treated like I am her personal vent to the male sex. Sylvia had made several comments about my ASS in front of many different surveillance employees. She has made many sexual references like she would love to hold my ladder and jump behind the rack with me...I have said on several occasions to stop this behavior but it continued.... A few examples of this behavior would be when she insist [sic] that I walk up the stairs in front of her, and when I come in the room she ask [sic] if I am cold because my nipples are hard. She always ask [sic] if I could turn around so she could look at my ass.

See Declaration of Susan Rubio, Exhibit 1 (emphasis in original). In response to these accusations, the HR Manager, Susan Rubio,

---

[2] Ms. Imbornone does not claim that TCC retaliated against her for the June 2002 complaint. In fact, she acknowledges that her subsequent performance reviews were complimentary.

confronted Ms. Imbornone, and the plaintiff even admitted to engaging in the harassing behavior, but responded that the behavior was "reciprocal" with Piglia.  Ms. Imbornone was suspended, without pay, pending further investigation into Mr. Piglia's complaint.[3]

On July 15, 2003, during Ms. Imbornone's suspension, the HR Department received a letter from Ms. Imbornone's attorney, which included a written statement from Ms. Imbornone, in which she again admitted to engaging in the complained of behavior; however, in her letter, Ms. Imbornone additionally complained that her co-employees, including Mr. Piglia, sexually harassed her.

On August 7, 2003, TCC terminated Ms. Imbornone for violating TCC's harassment policy.  Nearly one year later, she filed suit against TCC and its parent, Boyd.  The defendants, TCC and Boyd, now move for summary judgment.

## I. Standard for Summary Judgment

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co.

---

[3] Ms. Imbornone would not meet with TCC without her lawyers. Because TCC refused to meet with Ms. Imbornone and her lawyers, TCC was unable to obtain additional information from the plaintiff regarding her conduct with Mr. Piglia.

v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.  See id.  Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.  Id. at 249-50 (citations omitted).  Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).  Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  Id.  Hearsay evidence and unsworn documents do not qualify as competent opposing evidence.  Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987).  Finally, in evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party.  Anderson, 477 U.S. at 255.

## II. Application

The plaintiff generally asserts claims for sexual harassment,

wrongful discharge and retaliation in violation of state and federal laws. Because the plaintiff does not state the statutes under which her claims arise, this Court construes her claims under federal law as arising under Title VII, and her claims under state law as arising under the Louisiana Employment Discrimination Statute and Louisiana's Anti-Retaliation Statute.

A. <u>Title VII Claims</u>

The plaintiff concedes that she cannot state a cause of action pursuant to Title VII, and thus, voluntarily withdraws these claims. Accordingly, the Court GRANTS the defendants' motion for summary judgment as to all claims for sexual harassment, wrongful discharge, and retaliation arising under Title VII.

B. <u>Louisiana Employment Discrimination Law Claims</u>

The plaintiff's opposition does not contest the defendants' motion for summary judgment with respect to the plaintiff's state law claims for sexual harassment. Accordingly, because the plaintiff's opposition does not provide the Court with any legal justification for denying the defendants' motion and the defendants' motion has merit, the Court GRANTS the defendants' motion for summary judgment as to all claims for sexual harassment arising under state law.

C. <u>Anti-Retaliation Claims under State Law</u>

The plaintiff's claims for retaliation and unlawful discharge are brought pursuant to Louisiana's whistleblower statute, which

provides:

> A.  An employer shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of law:
>
> (1) Discloses...a workplace act or practice that is in violation of state law.

La. R.S 23:967.  The well-known <u>McDonnell Douglas</u> burden shifting framework applies to retaliation claims brought under Louisiana's whistleblower statute.  <u>See</u> <u>Smith v. AT&T Solutions, Inc.</u>, 90 Fed. Appx. 718, 723 (5th Cir. 1994).  To establish a prima facie case of retaliation, the plaintiff must show: (1) that she engaged in an adverse activity protected by statute; (2) that she suffered an adverse employment action; and (3) that a causal connection existed between the protected activity in which she engaged and the adverse action.  <u>Id.</u>

If the plaintiff succeeds in establishing a prima facie case, the evidentiary burden shifts to the employer, who must then produce a legitimate, nondiscriminatory reason for the adverse employment decision.  <u>Id.</u>  The ultimate burden of proof, however, rests with the plaintiff.  She must prove that the employer's articulated reasons for dismissal were merely a pretext for the retaliation; specifically, she must show that "but for" the protected activity, her employer would not have taken the adverse action.  <u>Id.</u>

First, the plaintiff must establish a prima facie case of retaliation. Ms. Imbornone contends that: she engaged in protected

6

activity (by reporting a complaint of sexual harassment); she suffered an adverse employment action (her employment was terminated); and a causal relationship exists between her complaint against Mr. Piglia and her termination.[4]

Assuming that the plaintiff can establish a prima facie case of retaliation, TCC and Boyd must carry their burden by articulating a legitimate, non-discriminatory reason for Ms. Imbornone's termination.  The defendants have articulated a non-discriminatory reason for firing Ms. Imbornone, namely, that she sexually harassed her co-employee, Mr. Piglia, in violation of company policy, and admitted doing so.

Finally, the burden falls to the plaintiff to establish that the employer's stated reason is a pretext for the real (retaliatory) purpose.  This the plaintiff cannot do.  Beyond the mere allegation, Ms. Imbornone has not come forward with any competent evidence of pretext.  The Court stresses again that Ms. Imbornone **has admitted** that she engaged in the inappropriate behavior detailed in Mr. Piglia's sexual harassment complaint.  Further, Ms. Imbornone attended the sexual harassment training course of March 26, 2003, and she presumably knew such behavior was strictly in violation of the company's sexual harassment policy and

---

[4] As evidence of the causal relationship, Ms. Imbornone notes the proximity between her complaint and her termination.

could result in her termination.[5]

The Fifth Circuit has "consistently held in that in retaliation cases where the defendant has proffered a nondiscriminatory purpose for the adverse employment action, the plaintiff has the burden of proving that 'but for' the discriminatory purposes [she] would not have been terminated." Septimus v. The University of Houston, 399 F.3d 601, 608 (5th Cir. 2005)(citations omitted). Ms. Imbornone cannot establish that but for TCC's allegedly discriminatory purpose, she would not have been terminated. The record, in particular Mr. Piglia's sexual harassment complaint, supports the defendant's response of a non-discriminatory purpose for firing Ms. Imbornone. TCC cannot be rendered powerless to discipline or discharge Ms. Imbornone for inappropriate behavior, simply because she complains of sexual harassment. See Smith v. Texas Dept. of Water Resources, 818 F.2d 363, 366 (5th Cir. 1987) ("[Title VII] was not intended to immunize insubordinate [or] disruptive...behavior at work.").

Accordingly, where, as here, the party opposing the motion fails to establish an essential element of her case, summary

---

[5] Additionally, the Court notes that Ms. Imbornone must have been acutely aware of the consequences of inappropriate and harassing behavior because her prior complaints against her co-employee, Jean Brumfield, ultimately led to Ms. Brumfield's termination.

judgment is appropriate.[6]

D. Loss of Consortium Claims

Because summary judgment has been granted as to all of the plaintiff's other claims, Mr. Imbornone's derivative claims for loss of consortium similarly fail.[7]

Accordingly, defendants' motion for summary judgment is GRANTED.  All of plaintiff's claims against the defendants are hereby dismissed.

New Orleans, Louisiana, May 3, 2006.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[6] The Court notes that the defendants alternatively move for summary judgment on the claim for retaliatory discharge based upon Ms. Imbornone's failure to provide written notice of her intent to sue TCC.  However, the Court need not rule on the merits of this argument, as summary judgment is otherwise appropriate based on the record.

[7] Further, Louisiana law does not recognize a spouse's claim for loss of consortium in employment discrimination cases.  See Salard v. Lowe's Home Centers, Inc., 904 F. Supp. 569 (W.D. La. 1995).

9